IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSOURI
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| RUSSELL SPARGER and<br>JUDITH SPARGER,<br><br>            Plaintiffs,<br><br>    vs.<br><br>WASHINGTON UNIVERSITY and<br>BARNES JEWISH HOSPITAL,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:10-cv-00118-JPG-PMF<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT WASHINGTON UNIVERSITY'S NOTICE OF REMOVAL

Comes now Defendant, Washington University, by and through its attorneys, presents and files its Notice of Removal of this action from the Circuit Court of St. Clair County, State of Illinois, in which court said action is pending, to the United States District Court in and for the Southern District of Illinois, being the district within which the action is pending and states as follows:

1. An action was commenced against Defendant, Washington University, in the Circuit Court of St. Clair County, Illinois, entitled *Russell and Judith Sparger v. Washington University* case number 10-L-0022, by service of summons and complaint upon Defendant, Washington University, on or about January 29, 2010.

2. A copy of Plaintiffs' Complaint and Summons which have been filed within this cause are attached hereto as "Exhibit A".

3. According to their Complaint, Plaintiffs, Russell and Judith Sparger, are citizens and residents of O'Fallon, St. Clair County, Illinois. (*See "Exhibit A"*).

1

4. As Plaintiffs' Complaint avers, Washington University is a Missouri corporation. (*See "Exhibit A"*). Washington University is a non-profit corporation incorporated under the laws of the State of Missouri having its principal place of business in St. Louis, Missouri.

5. As Plaintiffs' Complaint further avers, Barnes-Jewish Hospital is a Missouri corporation. Barnes-Jewish Hospital is a non-profit corporation incorporated under the laws of the State of Missouri having its principal place of business in St. Louis, Missouri.

6. The above-described action is one in which this court has original jurisdiction under the provisions of Title 28 U.S.C. Section 1332, and is one which may be removed to this court by Defendant, Washington University, pursuant to the provisions of Title 28 U.S.C. Section 1441, in that it is a civil action wherein the matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. § 1332 and is between citizens of different states.

7. In support of its belief that the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, Defendant refers this Court to Plaintiffs' Complaint wherein they state that as a result of Defendants' purported negligence Russell Sparger suffered severe and permanently disabling injuries. (*See "Exhibit A"*). Specifically, Plaintiffs contend that Mr. Sparger suffered bilateral vestibular loss, loss of balance and injury to his body as a whole. (*See "Exhibit A"*). Plaintiffs contend that Mr. Sparger has suffered physical pain, mental suffering, mental anguish, has been permanently prevented from attending to his usual affairs and duties, has incurred and will become liable for large sums of money in hospital, medical and related expenses and will become liable for additional sums in the future. (*See "Exhibit A"*). In his prayer for relief, Mr. Sparger demands judgment in excess of Fifty Thousand Dollars ($50,000.00) from each Defendant. (*See "Exhibit*

*A"*).

8. In further support of Defendant's belief that the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs, Defendant refers this Court to Plaintiffs' Complaint wherein Judith Sparger demands that as a result of Defendants' purported negligence, she has suffered damages and is entitled to judgment in excess of Fifty Thousand Dollars ($50,000.00) from each Defendant.  (*See "Exhibit A"*).

9. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. Section 1332.

10. This notice of removal is timely under the provisions of Title 28 U.S.C. Section 1446(b), in that Defendant, Washington University, was served with a copy of the initial complaint and summons on or about January 29, 2010, from which Defendant has thirty (30) days to file a notice of removal and removal petition.

WHEREFORE, Defendant, Washington University, respectfully requests that the above action now pending against it in the Circuit Court of St. Clair County, State of Illinois, be removed therefrom to this Court.

s/ Brian R. Plegge_____
Brian R. Plegge, No. 06191907
bplegge@moser.com
Meg L. Fowler, No. 06281407
mfowler@moser.com
Moser & Marsalek, P.C.
200 North Broadway, Suite 700
St. Louis, Missouri 63102-2753
(314) 421-5364
Fax # (314) 421-5640
*Attorneys for Defendant*
*Washington University*

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSOURI
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| RUSSELL SPARGER and<br>JUDITH SPARGER, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| vs. | ) | Case No. 3:10-cv-00118-JPG-PMF |
| | ) | |
| WASHINGTON UNIVERSITY and<br>BARNES JEWISH HOSPITAL, | )<br>)<br>) | |
| Defendants. | ) | |

## **CERTIFICATE OF SERVICE**

     I hereby certify that on this _____ day of February, 2010, I electronically filed ***Defendant, Washington University's, Notice of Removal***, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Joseph A. Bartholomew
joeb@cooklawoffice.com
Cook, Ysursa, Bartholomew, Brauer & Shevlin, Ltd.
*Attorneys for Plaintiffs*

                                                    **s/ Brian R. Plegge**_____
                                                     Brian R. Plegge, No. 06191907
                                                       *Attorneys for Defendant*
                                                              *Washington University*