IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| RUSSELL SPARGER and <br> JUDITH SPARGER, <br>                     Plaintiffs, <br>          vs. <br> WASHINGTON UNIVERSITY and <br> BARNES JEWISH HOSPITAL, <br>                     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )   Case No. 3:10-cv-00118-JPG-PMF <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT WASHINGTON UNIVERSITY'S MOTION TO TRANSFER**
**VENUE PURSUANT TO 28 U.S.C. §1404**

Comes now Defendant, Washington University, by and through its attorneys and for its Motion to Transfer Venue Pursuant to 28 U.S.C. §1404, states to the Court as follows:

1. On January 19, 2010, Plaintiffs, Russell and Judith Sparger, filed a four-count medical malpractice Complaint in the Circuit Court of St. Clair County, Illinois, entitled *Russell and Judith Sparger v. Washington University and Barnes Jewish Hospital*, case number 10-L-0022. (*Doc. No. 2, Attachment #1*).

2. Subsequently, Washington University filed its Notice of Removal to this Court based upon diversity jurisdiction. (*Doc. No. 2*).

3. According to Plaintiffs' Complaint, from July 2007 to the present, Russell Sparger came under the care of Washington University and Barnes-Jewish Hospital for dialysis. (*See Doc. No. 2, Attachment #1*).

4. Specifically, Plaintiffs assert that the care received by Mr. Sparger was from physicians in the Department of Neurology and the Department of Otolaryngology, which are

located in St. Louis, Missouri. (*See Doc. No. 2, Attachment #1; see Affidavit of Dawn Pesti attached hereto as "Exhibit A"*).

5. Mr. Sparger contends that during the course of his treatment for dialysis he was prescribed ototoxic antibiotics including gentamycin by Defendants. (*See Doc. No. 2, Attachment #1*).

6. Plaintiffs contend that Washington University and Barnes-Jewish Hospital, by and through their agents, staff and employees, failed to apply the knowledge and use of the skill and care ordinarily used by a reasonably well-qualified health care provider thereby committing negligence as follows: (1) prescribing ototoxic drugs to a patient with renal insufficiency; (2) continuing to prescribe ototoxic drugs to a patient with renal insufficiency who had complained to them of a loss of balance; and (3) failing to diagnose the patient's balance problem related to ototoxic antibiotics. (*See Doc. No. 2, Attachment #1*).

7. Additionally, Judith Sparger has brought a loss of consortium claim against Defendants arising from the care and treatment rendered to Mr. Sparger. (*See Doc. No. 2, Attachment #1*).

8. As Plaintiffs aver in their Complaint, Washington University and Barnes-Jewish Hospital are Missouri corporations. (*See Doc. No. 2, Attachment #1*).

9. Washington University is a not-for-profit corporation organized under the laws of the State of Missouri, with its principal place of business in St. Louis, Missouri. (*See "Exhibit A"*).

10. Barnes-Jewish Hospital is a non-profit corporation incorporated under the laws of the State of Missouri having its principal place of business in St. Louis, Missouri as well. (*See Doc. No. 2*).

11.     Washington University provides medical care and treatment through its employees.  (*See "Exhibit A"*).

12.     The dialysis treatment mentioned in Plaintiffs' Complaint was administered in St. Louis, Missouri.  (*See "Exhibit A"*).

13.     Mr. Sparger's interaction with the Department of Neurology and the Department of Otolaryngology as mentioned in Plaintiffs' Complaint and all visits by Mr. Sparger took place at the Department of Neurology and Department of Otolaryngology offices located in St. Louis, Missouri, and all treatment rendered by any employees of Washington University to Mr. Sparger took place in St. Louis, Missouri.  (*See "Exhibit A"*).

14.     Barnes-Jewish Hospital as mentioned in Plaintiffs' Complaint is located in St. Louis, Missouri, and therefore, any services rendered to Mr. Sparger as averred in Plaintiffs' Complaint at Barnes-Jewish Hospital would have occurred in St. Louis, Missouri.  (*See "Exhibit A"*).

15.     The medical records and bills pertaining to any medical care and treatment rendered by employees of Washington University to Mr. Sparger are kept, maintained and located in the St. Louis, Missouri.  (*See "Exhibit A"*).

16.     Transfer to the United States District Court for the Eastern District of Missouri is appropriate under Section 1404(a) in that while venue is proper in the Southern District of Illinois, venue and jurisdiction are proper in the Eastern District of Missouri.

17.     Moreover, the Eastern District of Missouri will serve the convenience of the parties and witnesses in that St. Louis, Missouri, is where Defendants and Plaintiffs purportedly entered into and maintained their relationship giving rise to Plaintiffs' cause of action and where the majority of witnesses and documentation are located.

18.     Moreover, under the significant relationship test, Missouri law would apply to this case, and so, a court sitting in Missouri may be better suited to interpret and apply Missouri apply.

19.     Additionally, Plaintiffs have sued two Missouri corporations asserting wrongdoing committed in the State of Missouri, and accordingly the State of Missouri has a more vested interest in the outcome of this litigation with respect to these two medical providers and their purported conduct within Missouri.

20.     Washington University adopts and incorporates by reference herein its Memorandum of Law in Support of its Motion to Transfer.

21.     Out of the interests of justice and for the convenience of the parties, Washington University prays that this matter be transferred to the United States District Court for the Eastern District of Missouri.

WHEREFORE, Defendant, Washington University, respectfully requests that this Court grant its Motion to Transfer Venue and transfer this matter to the United States District Court for the Eastern District of Missouri and for such other and further relief as this Court deems just and proper.

s/ Brian R. Plegge  
Brian R. Plegge, No. 06191907  
bplegge@moser.com  
Meg L. Fowler, No. 06281407  
mfowler@moser.com  
Moser & Marsalek, P.C.  
200 North Broadway, Suite 700  
St. Louis, Missouri 63102-2753  
(314) 421-5364  
Fax # (314) 421-5640  
*Attorneys for Defendant*  
*Washington University*

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| RUSSELL SPARGER and<br>JUDITH SPARGER,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>WASHINGTON UNIVERSITY and<br>BARNES JEWISH HOSPITAL,<br><br>　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>) 　Case No. 3:10-cv-00118-JPG-PMF<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of February, 2010, I electronically filed *Defendant, Washington University's, Motion to Transfer Venue*, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Joseph A. Bartholomew
Peggy@CookLawOffice.com
Cook, Ysursa, Bartholomew, Brauer & Shevlin, Ltd.
*Attorneys for Plaintiffs*

　　　　　　　　　　　　　　　　　　　　　　s/ Brian R. Plegge_____
　　　　　　　　　　　　　　　　　　　　　　Brian R. Plegge, No. 06191907
　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　　　　　　　　　　　*Washington University*