UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

RUSSELL and JUDITH SPARGER,

       Plaintiffs,

    v.                                                 Civil Case No. 10-cv-118-JPG

WASHINGTON UNIVERSITY and
BARNES JEWISH HOSPITAL,

       Defendants.

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs Russell and Judith Sparger's Motion to Vacate (Doc. 38).[1] Specifically, the Spargers seek to vacate the Order (Doc. 36) of this Court entered on May 28, 2010, wherein the Court dismissed the claims of Russell with prejudice and directed the Clerk of Court to enter judgment accordingly. Likewise, the Spargers seek to vacate the Clerk's Judgment (Doc. 37), which noted the dismissal of Russell's claims as being with prejudice. Contrary to said order and judgment, the Court has been informed that the parties agreed to the dismissal of Russell's claims *without* prejudice and that Defendants do not object to the instant motion.

As judgment was entered just five days ago, the Court construes the instant motion as one made under Federal Rule of Civil Procedure 59(e) to alter or amend a judgment. *See Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 300-301 (7th Cir. 1992). Under Rule 59(e), a court has the opportunity to consider newly discovered material

---

[1]At this point in the litigation, the Court is doubtful that Russell, for whom a Suggestion of Death (Doc. 9) was filed on February 23, 2010, may still seek relief with this Court. Subsequently, the Court construes the instant motion to be brought by Judith alone.

1

evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures.  *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006); *Divane v. Krull Elec. Co.*, 194 F.3d 845, 848 (7th Cir. 1999).  Here, the Court was previously unaware of the understanding as to Russell's claims and sees no reason to now stand in the way of a mutual agreement between the parties. Therefore, vacatur pursuant to Rule 59(e) is appropriate.

For the foregoing reasons, the Court **GRANTS** the instant motion (Doc. 38), whereby the Court **VACATES** its Order (Doc. 36) and the Clerk's Judgment (Doc. 37) of May 28, 2010. Further, the Court **DISMISSES without prejudice** the claims in this case brought by Plaintiff Russell Sparger and **DIRECTS** the Clerk of Court to enter amended judgment accordingly. Finally, in light of this ruling, the Court notes that Defendant Washington University's Motion to Transfer Venue (Doc. 10) remains **MOOT**.

**IT IS SO ORDERED.**
**DATED: June 3, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
